Wanda French-Brown
Jonathan Pepin
James McConnell
Mary Jean Kim
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited,*
*Bausch Health US, LLC, and*
*Bausch Health Americas, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAUSCH HEALTH IRELAND LIMITED, BAUSCH HEALTH US, LLC, and BAUSCH HEALTH AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TARO PHARMACEUTICALS INC., TARO PHARMACEUTICALS U.S.A., INC., and TARO PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | Civil Action No. |

## <u>COMPLAINT</u>

Plaintiffs Bausch Health Ireland Limited ("BIRL"), Bausch Health US, LLC ("BHUS"), and Bausch Health Americas, Inc. ("BHA") (collectively, "Bausch Health" or "Plaintiffs") by way of complaint against Defendants Taro Pharmaceuticals Inc. ("Taro Canada"), Taro Pharmaceuticals U.S.A., Inc. ("Taro USA"), and Taro Pharmaceutical Industries Ltd. ("Taro Ltd.")

(collectively, "Taro" or "Defendants") allege, on knowledge as to their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of U.S. Patent Nos. 8,288,434 ("the '434 Patent"), 9,561,208 ("the '208 Patent"), 10,220,049 ("the '049 Patent"), 10,624,918 ("the '918 Patent"), 11,389,467 ("the '467 Patent"), 12,128,059 ("the '059 Patent"), 12,133,859 ("the '859 Patent"), and 12,138,278 ("the '278 Patent") (collectively, the "Asserted Patents") pursuant to the Patent Laws of the U.S., 35 U.S.C. § 100 et seq., including §§ 271 and 281, and for an order declaring infringement under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      This action arises from the submission of an Abbreviated New Drug Application ("ANDA") by Taro, namely ANDA No. 220097 (the "Taro ANDA"), under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, market, offer to sell, sell, and/or import their generic version of Cabtreo® (clindamycin phosphate, adapalene, and benzoyl peroxide (1.2%/0.15%/3.1%) topical gel), hereafter "Taro's Proposed Generic Product" in the U.S. prior to the expiration of the Asserted Patents.

## THE PARTIES

3.      Plaintiff BIRL is a corporation organized and existing under the laws of Ireland located at 3013 Lake Drive, Citywest Business Campus, Dublin D24 PPT3, Ireland.

4.      Plaintiff BHUS is a corporation organized and existing under the laws of Delaware with a principal place of business and corporate headquarters located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

5.     Plaintiff BHA is a corporation organized and existing under the laws of Delaware with a principal place of business and corporate headquarters located at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

6.     Defendant Taro Canada is a corporation organized and existing under the laws of Canada, having a principal place of business at 130 East Drive, Brampton, Ontario L6T 1C1, Canada.  Taro Canada is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and/or selling pharmaceutical products, including generic pharmaceutical products, for the U.S. market.  Taro Canada is the holder and primary applicant of the Taro ANDA.  Taro Canada will commercially manufacture, offer for sale, sell, and/or import Taro's Proposed Generic Product in the U.S.

7.     Defendant Taro USA is a corporation organized and existing under the laws of New York, having places of business located at Three Skyline Drive, Hawthorne, New York 10532, and 1 Commerce Drive, Cranbury, New Jersey 08512.  Taro USA is in the business of, *inter alia*, distributing, marketing, offering to sell, and/or selling pharmaceutical products, including generic pharmaceutical products, for the U.S. market.  Taro USA submitted the Taro ANDA on behalf of Taro Canada, in concert with Taro Ltd.  Taro USA will import into the U.S., and market and distribute throughout the U.S., Taro's Proposed Generic Product.

8.     Defendant Taro Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 14 Hakitor Street, Haifa Bay, 2624761, Israel.  Taro Ltd. is in the business of, *inter alia*, manufacturing generic pharmaceutical products for the U.S. market and/or manufacturing active pharmaceutical ingredients ("API") for generic pharmaceutical products for the U.S. market.  Taro Ltd. is the holder of Drug Master File for adapalene USP (micronized) (DMF # 021208), one of the three active ingredients in Taro's

Proposed Generic Product. Taro Ltd. will commercially manufacture, offer to sell, sell, market, and/or distribute Taro's Proposed Generic Product.

9.      Taro seeks to commercially manufacture, offer to sell, sell, market, import, and/or distribute Taro's Proposed Generic Product, throughout the U.S., including in this judicial district.

10.     Taro Canada and Taro USA are wholly-owned subsidiaries of Taro Ltd. Taro Ltd. exercises control over Taro Canada and Taro USA.

11.     The acts of Taro Canada and Taro USA complained of herein were done with the cooperation, participation, and assistance of, and in concert with, Taro Ltd. Taro Ltd. caused the Taro ANDA to be submitted to the FDA through its wholly owned subsidiaries Taro Canada and Taro USA.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201–02.

13.     Taro Canada is subject to personal jurisdiction in New Jersey because, among other things, Taro Canada has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this judicial district in New Jersey. Taro Canada has had persistent and continuous contacts within this judicial district. Taro Canada is in the business of, *inter alia*, directly or indirectly developing, manufacturing, marketing, offering to sell, and/or selling generic drug products throughout the U.S. and in this judicial district, and this judicial district is the destination for Taro's Proposed Generic Product. The conduct of Taro Canada will therefore cause injury to Plaintiffs in New Jersey.

14.     Taro Canada has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the commercial marketing of Taro's Proposed

Generic Product—that will be purposefully marketed and distributed in New Jersey and throughout the U.S. Taro Canada's submission of the Taro ANDA constitutes a formal act that reliably indicates its plan to engage in commercial manufacturing, selling, and marketing of Taro's Proposed Generic Product. Taro Canada intends to direct sales of Taro's Proposed Generic Product into New Jersey, among other places, once it has the requested FDA approval to market Taro's Proposed Generic Product. Taro Canada will engage in the commercial manufacturing, marketing, offering for sell, sell, importation, and distribution of Taro's Proposed Generic Product throughout the U.S., including in New Jersey, upon approval of the Taro ANDA.

15.    Taro Canada derives substantial revenue from selling generic pharmaceutical products throughout the U.S., including in this judicial district, directly and/or through its parent company Taro Ltd. and/or Taro USA.

16.    This Court has personal jurisdiction over Taro Canada pursuant to Federal Rule of Civil Procedure 4(k)(2) because Taro Canada has extensive contacts within the U.S., including but not limited to the above-described commercial contacts, is not subject to jurisdiction in any particular state, and exercising jurisdiction over Taro Canada is consistent with the laws of the U.S. and the U.S. Constitution.

17.    Taro Canada has invoked the jurisdiction of the courts of this judicial district as a counterclaim plaintiff in patent infringement actions arising under the Hatch-Waxman Act. *See*, *e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd. et al.*, DNJ 1:24-cv-7446 (Answer at Dkt. No. 2), *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17); *Galderma Lab'ys., LP et al v. Taro Pharms., Inc. et al.*, DNJ 3:24-cv-00333 (Answer at Dkt. No. 11).

18.    Taro Canada has not contested personal jurisdiction in this judicial district. *See*, *e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd. et al.*, DNJ 1:24-cv-7446 (Answer at Dkt. No. 2), *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17); *Galderma Laby's., LP et al v. Taro Pharms., Inc. et al.*, DNJ 3:24-cv-00333 (Answer at Dkt. No. 11).

19.    This Court has personal jurisdiction over Taro USA.  Taro USA has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this judicial district in New Jersey.

20.    Taro USA has purposefully conducted and continues to conduct business in New Jersey.  Taro USA operates and maintains a regular and established place of business located at 1 Commerce Drive, Cranbury, New Jersey 08512, where Taro USA will commercially distribute, market, offer for sale and/or sell Taro's Proposed Generic Product.  Furthermore, Taro USA: (i) has officers and directors located at 2 Independence Way, Princeton, New Jersey 08540; (ii) is registered to do business in New Jersey as a foreign corporation with a Business ID Number of 0100917783; (iii) has a registered agent (Corporation Service Company) located in New Jersey at Princeton South Corporate Center, 100 Charles Ewing Blvd, Suite 160, Ewing, New Jersey 08628; and (iv) is registered with the State of New Jersey's Department of Health as a wholesaler under Registration Number 5003062.

21.    Taro USA is subject to personal jurisdiction in New Jersey, because, among other things, Taro USA has had persistent and continuous contacts within this judicial district. Taro USA is in the business of, *inter alia*, commercially developing, manufacturing, marketing, importing, and/or selling generic drug products throughout the U.S. and in this judicial district, and this judicial district is a destination for Taro's Proposed Generic Product.  Taro USA will

commercially sell, offer for sale, import, market, and distribute Taro's Proposed Generic Product throughout the U.S., including New Jersey, upon approval of the Taro ANDA. The conduct of Taro USA will therefore cause injury to Plaintiffs in New Jersey.

22.     Taro USA derives substantial revenue from selling generic pharmaceutical products throughout the U.S., including in this judicial district, directly and/or through its parent company Taro Ltd.

23.     Taro USA has invoked the jurisdiction of the courts of this judicial district as a counterclaim plaintiff in patent infringement actions arising under the Hatch-Waxman Act. *See*, *e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd. et al.*, DNJ 1:24-cv-7446 (Answer at Dkt. No. 2), *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17); *Galderma Laby's., LP et al v. Taro Pharms., Inc. et al.*, DNJ 3:24-cv-00333 (Answer at Dkt. No. 11).

24.     Taro USA has not contested personal jurisdiction in this judicial district. *See*, *e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd. et al.*, DNJ 1:24-cv-7446 (Answer at Dkt. No. 2), *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17); *Galderma Laby's., LP et al v. Taro Pharms., Inc. et al.*, DNJ 3:24-cv-00333 (Answer at Dkt. No. 11).

25.     Taro Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Taro Ltd. has had persistent and continuous contacts within this judicial district. Taro Ltd. is in the business of, *inter alia*, commercially developing, manufacturing, marketing, and/or selling generic drug products throughout the U.S. and in this judicial district, and this judicial district is a destination for Taro's Proposed Generic Product. The conduct of Taro Ltd. will therefore cause injury to Plaintiffs in New Jersey.

26.     Taro Ltd. purposefully has conducted and continues to conduct business in this judicial district and derives substantial revenue from selling generic pharmaceutical products throughout the U.S., including in this judicial district, at least, through its wholly owned subsidiaries Taro Canada and Taro USA.

27.     This Court has personal jurisdiction over Taro Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because Taro Ltd. has extensive contacts with the U.S., including but not limited to the above-described commercial contacts, is not subject to jurisdiction in any particular state, and exercising jurisdiction over Taro Ltd. is consistent with the laws of the U.S. and the U.S. Constitution.

28.     Taro Ltd. was acquired by Sun Pharmaceutical Industries Limited ("Sun Limited") in June 2024.  Taro Ltd. is now a wholly-owned subsidiary of Sun Limited.  Sun Limited has a U.S. subsidiary, Sun Pharma USA, which has corporate headquarters located at 2 Independence Way, Princeton, New Jersey 08540.  The location of Sun Parma USA is the same address listed for Taro USA's Officers and Directors.  Sun Pharmaceutical Industries, Inc. also has a place of business at 1 Commerce Drive, Cranbury New Jersey 08512, which is the same address of Taro USA's warehouse.

29.     Taro Ltd. has invoked the jurisdiction of the courts of this judicial district as a counterclaim plaintiff in patent infringement actions arising under the Hatch-Waxman Act. *See*, *e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd. et al.*, DNJ 1:24-cv-7446 (Answer at Dkt. No. 2), *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17); *Galderma Laby's., LP et al v. Taro Pharms., Inc. et al.*, DNJ 3:24-cv-00333 (Answer at Dkt. No. 11).

30.    Taro Ltd. has not contested personal jurisdiction in this judicial district. *See*, *e.g.*, *Currax Pharms. LLC v. Taro Pharm. Indus., Ltd. et al.*, DNJ 1:24-cv-7446 (Answer at Dkt. No. 2), *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17); *Galderma Laby's., LP et al v. Taro Pharms., Inc. et al.*, DNJ 3:24-cv-00333 (Answer at Dkt. No. 11).

31.    Taro Canada, Taro USA, and Taro Ltd. hold themselves out as a single entity for purposes of commercially manufacturing, marketing, offering to sell, selling and distributing generic products and has acted in concert in submitting the Taro ANDA.

32.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b) venue is proper in this district as to Taro Canada because, *inter alia*, Taro Canada (i) is a company organized and existing under the laws of Canada and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3) and (ii) has previously consented to venue in this jurisdiction. *See*, *e.g.*, *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17). Taro Canada has engaged in regular and established business contacts with New Jersey by, among other things, contracting and engaging in related commercial activities concerning the marketing, making, shipping, using, offering to sell or selling Defendants' generic products in this judicial district, and deriving substantial revenue from such activities. Taro Canada will also directly benefit from the approval of the Taro ANDA.

33.    Pursuant to 28 U.S.C. §§ 1391 and 1400(b) venue is proper in this district as to Taro USA, because, *inter alia*, Taro USA (i) has committed and will commit acts of infringement in this judicial district; (ii) maintains a regular and established place of business in this judicial district; and (iii) has previously consented to venue in this jurisdiction. *See*, *e.g.*, *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17).

Taro USA has engaged in regular and established business contacts with New Jersey by, among other things, contracting and engaging in related commercial activities concerning the marketing, making, shipping, using, offering to sell or selling Defendants' generic products in this judicial district, and deriving substantial revenue from such activities. Taro USA will also directly benefit from the approval of the Taro ANDA

34.     Pursuant to 28 U.S.C. §§ 1391 and 1400(b) venue is proper in this district as to Taro Ltd. because, *inter alia*, Taro Ltd. (i) is a company organized and existing under the laws of Israel and may be sued in any judicial district, 28 U.S.C. § 1391(c)(3), and (ii) has previously consented to venue in this jurisdiction. *See*, *e.g.*, *Bausch Health Ireland Ltd., et al. v. Taro Pharms. Inc., et al.*, DNJ 1:22-cv-4670 (Answer at Dkt. No. 17). Taro Ltd has engaged in regular and established business contacts with New Jersey by, among other things, contracting and engaging in related commercial activities concerning the marketing, making, shipping, using, offering to sell or selling Defendants' generic products in this judicial district, and deriving substantial revenue from such activities. Taro Ltd. will also directly benefit from the approval of the Taro ANDA.

## THE CABTREO® NDA

35.     BHUS is the registered holder of New Drug Application ("NDA") No. 216632 for Cabtreo® (clindamycin phosphate, adapalene, and benzoyl Peroxide (1.2%/0.15%/3.1%) topical gel). The FDA approved NDA No. 216632 for Cabtreo® on October 20, 2023.

36.     The FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluation ("the Orange Book"). In accordance with 21 U.S.C. § 355(b)(1), the Asserted Patents are listed in the Orange Book in connection with NDA No. 216632 as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" Cabtreo®.

37.     Cabtreo® is distributed by BHUS.  The Asserted Patents are assigned to and owned by BIRL.

## THE ASSERTED PATENTS

38.     On October 16, 2012, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued the '434 Patent, titled "Topical Pharmaceutical Formulations Containing A Low Concentration Of Benzoyl Peroxide In Suspension In Water And A Water-Miscible Organic Solvent" to inventors Yunik Chang and Gordon J. Dow.  A true and correct copy of the '434 Patent is attached hereto as Exhibit A.

39.     On February 7, 2017, the USPTO duly and legally issued the '208 Patent, titled "Topical Pharmaceutical Formulations Containing A Low Concentration Of Benzoyl Peroxide In Suspension In Water And A Water-Miscible Organic Solvent" to inventors Yunik Chang and Gordon J. Dow.  A true and correct copy of the '208 Patent is attached hereto as Exhibit B.

40.     On March 5, 2019, the USPTO duly and legally issued the '049 Patent, titled "Topical Pharmaceutical Formulations Containing A Low Concentration Of Benzoyl Peroxide In Suspension In Water And A Water-Miscible Organic Solvent" to inventors Yunik Chang and Gordon J. Dow.  A true and correct copy of the '049 Patent is attached hereto as Exhibit C.

41.     On April 21, 2020, the USPTO duly and legally issued the '918 Patent, titled "Topical Pharmaceutical Formulations Containing A Low Concentration Of Benzoyl Peroxide In Suspension In Water And A Water-Miscible Organic Solvent" to inventors Yunik Chang, Gordon J. Dow, and Radhakrishnan Pillai.  A true and correct copy of the '918 Patent is attached hereto as Exhibit D.

42.    On July 19, 2022, the USPTO duly and legally issued the '467 Patent, titled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel.  A true and correct copy of the '467 Patent is attached hereto as Exhibit E.

43.    On October 29, 2024, the USPTO duly and legally issued the '059 Patent, titled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel.  A true and correct copy of the '059 Patent is attached hereto as Exhibit F.

44.    On November 5, 2024, the USPTO duly and legally issued the '859 Patent, titled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel.  A true and correct copy of the '859 Patent is attached hereto as Exhibit G.

45.    On November 12, 2024, the USPTO duly and legally issued the '278 Patent, entitled "Topical Compositions" to inventors Varsha Bhatt, Radhakrishnan Pillai, and Arturo Angel.  A true and correct copy of the '278 Patent is attached hereto as Exhibit H.

## DEFENDANTS' INFRINGING ANDA SUBMISSION

46.    Defendants submitted or caused to be submitted with the FDA the Taro ANDA, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

47.    The Taro ANDA seeks FDA approval to commercially manufacture, market, import, use, sell and/or offer for sale in the U.S. Taro's Proposed Generic Product, which is specifically intended to be a generic version of Bausch Health's Cabtreo® drug product.

48.    Plaintiffs received a letter dated February 5, 2025, purporting to be a Notice of Paragraph IV Certification regarding the Taro ANDA ("Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95.

49.    The Notice Letter claims Taro Canada had included a certification in the Taro ANDA, pursuant to 21 U.S.C § 355(j)(2)(A)(vii)(IV), and alleges the Asserted Patents, which are

listed in the Orange Book, are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and/or sale of Taro's Proposed Generic Product.

50.    The Notice Letter claims the Taro ANDA has been submitted to the FDA seeking approval to commercially manufacture, use, and/or sell Taro's Proposed Generic Product that is specifically intended to be a generic version of Cabtreo®, which is the reference listed drug ("RLD") as identified by Defendants.

51.    The Notice Letter claims the Taro ANDA contains "any required bioavailability or bioequivalence data or information," for Taro's Proposed Generic Product.

52.    The Taro ANDA seeks approval of Taro's Proposed Generic Product that is the same, or substantially the same, as Cabtreo®.

53.    At least one claim of each of the Asserted Patents is infringed by the submission of the Taro ANDA to the FDA that seeks approval of Taro's Proposed Generic Product.

54.    Defendants had actual and constructive notice of the Asserted Patents prior to submitting the Taro ANDA with the FDA because, *inter alia*: (i) Defendants collaborated in the research, development, preparation, and submission of the Taro ANDA; (ii) Taro's Notice Letter, includes, at least, Taro's listing of Cabtreo® as the RLD; (iii) the FDA requirements for ANDA submissions; (iv) Taro's expressed desire to market a product equivalent to Cabtreo®; and (v) Taro's submission of bioequivalence data to the FDA purporting that Taro's Proposed Generic Product contains the same active ingredients in the same dosages as Cabtreo®.

55.    Plaintiffs commenced this lawsuit within 45 days of the date they received Taro's Notice Letter concerning the Taro ANDA.

## COUNT I

### Infringement of the '434 Patent

56.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

57.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '434 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '434 Patent.

58.    Taro's Proposed Generic Product will, if approved and marketed, infringe as least one claim of the '434 Patent.

59.    Defendants commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '434 Patent would infringe, contribute to the infringement of, and/or induce the infringement of at least one claim of the '434 Patent.

60.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '434 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### Declaratory Judgment of Infringement of the '434 Patent

61.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

62.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

63.     A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '434 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.  This actual case or controversy requires a declaration of rights by this Court.

64.     Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '434 Patent.  The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '434 Patent.

65.     Taro has made, and will continue to make, substantial preparations in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '434 Patent, including Taro's submission of the Taro ANDA.

66.     Any commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '434 Patent.

67.     Plaintiffs are entitled to an order declaring that future commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '434 Patent.

## COUNT III

### Infringement of the '208 Patent

68.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

69.     Taro has infringed at least one claim of the '208 Patent, pursuant to 35 U.S.C. § 271(e)(2), by submitting the Taro ANDA with a Paragraph IV certification, by which Taro seeks approval from the FDA to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '208 Patent.

70.     Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '208 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '208 Patent.

71.     If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '208 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV

### Declaratory Judgment of Infringement of the '208 Patent

72.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

73.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

74.     A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '208 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution.  This actual case or controversy requires a declaration of rights by this Court.

75.     Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '208 Patent.  The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '208 Patent.

76.     Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '208 Patent, including Taro's submission of the Taro ANDA.

77.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '208 Patent.

78.     Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '208 Patent.

## COUNT V

### Infringement of the '049 Patent

79.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

80.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '049 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '049 Patent.

81.    Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '049 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '049 Patent.

82.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '049 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI

### Declaratory Judgment of Infringement of the '049 Patent

83.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

84.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

85.     A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '049 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

86.     Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '049 Patent.  The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '049 Patent.

87.     Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '049 Patent, including Taro's submission of the Taro ANDA.

88.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '049 Patent.

89.     Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '049 Patent.

## COUNT VII

### Infringement of the '918 Patent

90.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

91.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '918 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '918 Patent.

92.    Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '918 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '918 Patent.

93.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '918 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VIII

### Declaratory Judgment of Infringement of the '918 Patent

94.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

95.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

96.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '918

Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

97.    Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '918 Patent. The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months. Therefore, there is sufficient immediacy to justify a declaration of infringement of the '918 Patent.

98.    Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '918 Patent, including Taro's submission of the Taro ANDA.

99.    Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '918 Patent.

100.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '918 Patent.

## COUNT IX

### Infringement of the '467 Patent

101.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

102.    By way of the Notice Letter, Defendants do not contest infringement of claims 1-2, 4-8, 10, 12, 14-19, and 21 of the '467 Patent.

103.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '467 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '467 Patent.

104.    Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '467 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '467 Patent.

105.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '467 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT X

### Declaratory Judgment of Infringement of the '467 Patent

106.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

107.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

108.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '467 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with

Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

109.    The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months. Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '467 Patent.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '467 Patent.

110.    Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '467 Patent, including Taro's submission of the Taro ANDA.

111.    Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '467 Patent.

112.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '467 Patent.

## COUNT XI

### Infringement of the '059 Patent

113.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

114.    By way of the Notice Letter, Defendants do not contest infringement of claims 1-2, 4-8, 11, 13-17, and 19 of the '059 Patent.

23

115.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '059 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '059 Patent.

116.    Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '059 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '059 Patent.

117.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '059 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XII

### Declaratory Judgment of Infringement of the '059 Patent

118.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

119.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

120.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '059 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

121.    Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '059 Patent.  The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '059 Patent.

122.    Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '059 Patent, including Taro's submission of the Taro ANDA.

123.    Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '059 Patent.

124.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '059 Patent.

## COUNT XIII

### Infringement of the '859 Patent

125.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

126.    By way of the Notice Letter, Defendants do not contest infringement of claims 1-2, 4-8, 10, 12-17, and 19-20 of the '859 Patent.

127.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '859 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial

manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '859 Patent.

128.    Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '859 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '859 Patent.

129.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '859 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XIV

### Declaratory Judgment of Infringement of the '859 Patent

130.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

131.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

132.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '859 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

133.    Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '859 Patent.  The mean approval time by the FDA for ANDA applications is about 39 months

and median is about 26 months.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '859 Patent.

134.    Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '859 Patent, including Taro's submission of the Taro ANDA.

135.    Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '859 Patent.

136.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '859 Patent.

## COUNT XV

### Infringement of the '278 Patent

137.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

138.    By way of the Notice Letter, Defendants do not contest infringement of claims 1-3, 5-8, 10, 12-16, and 18-20 of the '278 Patent.

139.    Under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of the '278 Patent by submitting the Taro ANDA to the FDA seeking approval to engage in the commercial manufacture, importation, use, sale, and/or offer for sale within the U.S., or importation into the U.S. of Taro's Proposed Generic Product prior to the expiration of the '278 Patent.

140.    Taro's commercial manufacture, importation, use, sale, and/or offer for sale of Taro's Proposed Generic Product prior to the expiration of the '278 Patent would infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '278 Patent.

141.    If Defendants' marketing, manufacturing, offering to sell and sale of Taro's Proposed Generic Product prior to the expiration of the '278 Patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XVI

### Declaratory Judgment of Infringement of the '278 Patent

142.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

143.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

144.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Plaintiffs and Defendants regarding infringement of the '278 Patent such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the U.S. Constitution. This actual case or controversy requires a declaration of rights by this Court.

145.    Taro will launch Taro's Proposed Generic Product upon approval after the 30-month stay if not enjoined from infringing or actively inducing or contributing to infringement of the '278 Patent.  The mean approval time by the FDA for ANDA applications is about 39 months and median is about 26 months.  Therefore, there is sufficient immediacy to justify a declaration of infringement of the '278 Patent.

28

146.    Taro has made, and will continue to make, substantial preparation in the U.S. to manufacture, import, use, sell, and/or offer for sale within the U.S. Taro's Proposed Generic Product before the expiration date of the '278 Patent, including Taro's submission of the Taro ANDA.

147.    Any commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '278 Patent.

148.    Plaintiffs are entitled to an order declaring that future commercial manufacture, use, offer for sale, sale, and/or importation of Taro's Proposed Generic Product will constitute infringement of at least one claim of the '278 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BIRL, BHUS, and BHA respectfully request the following relief:

i.    A judgment, under 35 U.S.C. § 271(e)(2), Taro has infringed at least one claim of one of the Asserted Patents by submitting or causing to be submitted the Taro ANDA to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the U.S. of Taro's Proposed Generic Product before the expiration of the Asserted Patents;

ii.    An order declaring Taro's submission of the Taro ANDA infringes at least one claim of one of the Asserted Patents;

iii.    An order declaring the commercial manufacture, use, importation, offer for sale, and/or sale of Taro's Proposed Generic Product infringes at least one claim of one of the Asserted Patents;

iv.   An order enjoining Taro from the commercial manufacture, use, import, offer for sale, and/or sale of Taro's Proposed Generic Product until expiration of the Asserted Patents, or such later date as the Court may determine;

v.   An order enjoining Taro and all persons acting in concert with Taro from seeking, obtaining, or maintaining approval of the Taro ANDA until expiration of the Asserted Patents;

vi.   An order that the effective date of any approval by the FDA of Taro's Proposed Generic Product be a date not earlier than the expiration of the Asserted Patents, or such later date as the Court may determine;

vii.   An order declaring this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

viii.   An award or damages or other monetary relief to the extent there has been commercial manufacture, use, offer to sell, or sales within the U.S. or importation into the U.S. of Taro's Proposed Generic Product, under 35 U.S.C. § 271(e)(4)(C); and

ix.   Such further and additional relief as this Court deems just and proper.

Dated: March 20, 2025                            /s/ Wanda French-Brown
      New York, NY                          Wanda French-Brown
                                     Jonathan Pepin
                                     James McConnell (*pro hac vice pending*)
                                     Mary Jean Kim (*pro hac vice pending*)
                                     **FOX ROTHSCHILD LLP**
                                     101 Park Avenue, 17th Floor
                                     New York, NY 10178
                                     Tel: (212) 878-7900
                                     Fax: (212) 692-0940
                                     wfrench-brown@foxrothschild.com
                                     jpepin@foxrothschild.com
                                     jmcconnell@foxrothschild.com
                                     mkim@foxrothschild.com

                                   *Attorneys for Plaintiffs*
                                   *Bausch Health Ireland Limited, Bausch*
                                   *Health US, LLC, and  Bausch Health*
                                   *Americas, Inc.*

## LOCAL CIVIL RULES 11.2 AND 40.1 CERTIFICATION

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, under penalties of perjury, that the matter in controversy in this action is not the subject of any other action pending in any court or of any arbitration, or administrative proceeding.


Dated: March 20, 2025                            /s/ Wanda French-Brown
      New York, NY                           Wanda French-Brown
                                         Jonathan Pepin
                                         James McConnell (*pro hac vice pending*)
                                       Mary Jean Kim (*pro hac vice pending*)
                                       **FOX ROTHSCHILD LLP**
                                       101 Park Avenue, 17th Floor
                                       New York, NY 10178
                                       Tel: (212) 878-7900
                                       Fax: (212) 692-0940
                                       wfrench-brown@foxrothschild.com
                                       jpepin@foxrothschild.com
                                       jmcconnell@foxrothschild.com
                                       mkim@foxrothschild.com


                                     *Attorneys for Plaintiffs*
                                     *Bausch Health Ireland Limited, Bausch Health US, LLC, and  Bausch Health Americas, Inc.*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1(d)(3), I hereby certify, under penalties of perjury, that the matter in controversy in this action is not subject to compulsory arbitration in that the Plaintiffs seeks, *inter alia*, injunctive relief.

Dated: March 20, 2025
New York, NY

   _/s/ Wanda French-Brown_____
Wanda French-Brown
Jonathan Pepin
James McConnell (*pro hac vice pending*)
Mary Jean Kim (*pro hac vice pending*)
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178
Tel: (212) 878-7900
Fax: (212) 692-0940
wfrench-brown@foxrothschild.com
jpepin@foxrothschild.com
jmcconnell@foxrothschild.com
mkim@foxrothschild.com

*Attorneys for Plaintiffs*
*Bausch Health Ireland Limited, Bausch Health US, LLC, and  Bausch Health Americas, Inc.*